**CHENG LE DONG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–4846–ag.

United States Court of Appeals, Second Circuit.

May 7, 2007.

Gary J. Yerman, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney; Kevin M. Mulcahy, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Cheng Le Dong, a citizen of the People's Republic of China, seeks review of a September 27, 2006 order of the BIA, affirming the June 14, 2005 decision of Immigration Judge ("IJ") Alan L. Page, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Cheng Le Dong,* No. A97 133 481 (B.I.A. Sept. 27, 2006) *aff'g* No. A97 133 481 (Immig. Ct. N.Y. City June 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with an IJ's ultimate credibility determination but emphasizes particular aspects of the IJ's reasoning, this Court reviews both the BIA's and the IJ's opinions, including those portions of the IJ's decision that the BIA does not explicitly discuss. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

Here, the agency's adverse credibility finding is supported by substantial evidence. The agency reasonably found that the discrepancies in Dong's testimony, written statements, corroborating documents, and credible fear interview were material to his claim for relief. In particular, Dong was unable to consistently testify: (1) where he and his wife were living at the time she was forced to have an abortion; (2) whether and when his wife was threatened with sterilization; and (3) where he and his wife lived after her forced abortion. These inconsistencies were material to Dong's claim for relief. See *Xian Tuan Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 295 (2d Cir.2006).

Furthermore, the agency's finding that Dong did not establish that it is more likely than not that he will be tortured in China is supported by substantial evidence. Assuming that forced sterilization is a form of torture, Dong did not present credible testimony that he would face sterilization in China. In fact, Dong's inconsistent testimony did not establish either that his wife was threatened with sterilization, or that she faces such threat now. Rather, he claimed at one point that his wife was still living in their family home and had not been threatened since he left China. Therefore, Dong has not established that it is more likely than not that he would be tortured in China. *See Shu Ling Ni v. BIA,* 439 F.3d 177, 180 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.